SOFIA EBERLIEN, Respondent, v. GUARANTEE FUND LIFE ASSOCIATION OF OMAHA, NEBRASKA, a Corporation, Appellant.

(226 N. W. 810.)

Opinion filed September 27, 1929.

*W. H. Stutsman,* for appellant.

*E. R. Sinkler, G. O. Brekke,* and *J. W. Schmidt,* for respondent.

BIRDZELL, J. This is an appeal from an order overruling a general demurrer to a complaint. The complaint alleges that the defendant is a life insurance corporation organized and existing under and by virtue of the laws of the state of North Dakota (a palpable error) and engaged in the business of writing life insurance in the state of North Dakota; that on the 18th day of December, 1914, the defendant delivered to Hugo Eberlien, the husband of the plaintiff, a certain life insurance policy wherein and whereby it became bound to pay to the plaintiff, as beneficiary, the sum of $4,000 upon the

death of the insured; that the insured thereupon paid the first premium and did thereafter pay and cause to be paid the sum of $54.72 as premium for each year down to the month of January, 1928; that the insured had in all things complied with the terms of the policy on his part to be done and performed and paid all premiums down to the month of January, 1928, that on October 20, 1928, Hugo Eberlien, the insured, died as the result of an injury which he had received subsequent to the issuance of the policy; that as a result of said injury he was for more than one year immediately prior to his death totally disabled and unable to comprehend his business or know the nature of affairs going on around him and was in such a state from such injury that his mind was affected and as a result thereof he did not pay or cause to be paid the said insurance premium due in the month of January, 1928; that at the time of the death of Eberlien the insurance policy was in full force and effect. The complaint sets forth in full §§ 4886 an 4887 of the Compiled Laws of 1913, governing automatic insurance in the event of default and prohibiting contrary agreements between the company and the insured. It is further alleged that chapter 81 of the Civil Code provides the form and kind of insurance policy which shall be issued in North Dakota and alleges that there is due and owing to the plaintiff the full sum of $4,000. It is alleged that at the death of the insured the defendant denied liability on the sole ground that the policy had lapsed by reason of the failure to pay the premium due in the month of January, 1928; that the policy does not conform to the provisions of chapter 81 of the Civil Code; that by reason of the payment of premiums for the period of fourteen years and the payment of $108 into the reserve fund of the company, the policy was in full force and effect at the time of the death of the insured. The plaintiff prays judgment that the policy be reformed to comply with chapter 81 of the Civil Code and in such a manner as to contain all the provisions required by law, and that the plaintiff have judgment for $4,000 with interest.

The complaint is clearly demurrable. It does not allege facts sufficient to constitute a cause of action. It violates one of the main essentials of good pleading. It does not contain a plain and concise statement of the facts constituting a cause of action without unnecessary repetition. Comp. Laws 1913, § 7440. Deficiencies in allega-

tions of fact are not aided by alleging legal conclusions that might or might not be warranted depending upon the omitted allegations. Legal conclusions are not facts and furnish no substitute for them. If legal conclusions constituted pleading, obviously the existence of a cause of action could never be tested by demurrer, because the pleader's ipse dixit that the defendant had become liable to him would preclude inquiry into the facts that furnish the basis for the liability claimed.

In view of the fact that the issue here for determination is one of law arising upon a general demurrer and that the pleader has alleged in the body of the complaint that the defendant is a life insurance corporation organized and existing under and by virtue of the laws of this state, we will not, in this opinion, consider the circumstance that the defendant named in the title and referred to in the complaint is the Guarantee Fund Life Association of Omaha, Nebraska, a corporation, nor the further circumstance that service is admitted by the commissioner of insurance. Passing at once to the question of the sufficiency of the complaint, it appears that the pleader has not set forth the policy alleged to have been issued nor the substance of any of its provisions except, possibly, the provision that the defendant had promised and agreed to pay the plaintiff the sum of $4,000 upon the death of the insured. The type of policy is nowhere referred to. Life insurance corporations are authorized to issue types of policies upon which there will be no reserve applicable to the purchase of extended insurance or paid-up insurance, under § 4886 of the Compiled Laws of 1913; such, for instance, as term insurance. See § 6635c, ¶¶ 7 and 8, Comp. Laws of 1913. It is not alleged that there was any reserve applicable to the policy in question nor the character of the reserve fund, if any, to which the plaintiff alleges the insured contributed. It is alleged that the insured did not pay the premium due in the month of January, 1928, and in the next sentence that the policy was in full force and effect; but no provisions of the policy or contract are set forth whereby it can be determined whether the insurance was in full force and effect nor whereby the legal effect of the stated default can be ascertained. While the complaint sets forth the provisions of § 4886 of the Compiled Laws of 1913 governing automatic insurance, which is wholly a matter of law of which judicial

notice would be taken in the absence of its being stated in the complaint, facts are not alleged from which it can be determined whether or not this section is applicable to the insurance in question. It is not even alleged that it is applicable. If facts exist which entitle the beneficiary to the benefit of this statute, they can readily be stated. While there is no legal requirement that in suing upon an insurance contract a copy thereof should be attached to the complaint or incorporated within it, the practice of doing so is well-nigh universal and should ordinarily be adhered to. Where, as in this kind of a case, any recovery ultimately had must be based upon the contract of the parties, there would seem to be no reason for omitting to state the provisions of the contract upon which the plaintiff's right depends.

This is particularly true here for another reason. The complaint alleges that the policy does not conform to the provisions of chapter 81 of the Civil Code and asks that it be reformed. In what respect it does not conform is not stated. Insurance policies are not required to be written upon a North Dakota standard form such as is embodied in § 6635 of the Compiled Laws of 1913. Young v. Mutual Trust L. Ins. Co. 54 N. D. 600, 53 A.L.R. 910, 210 N. W. 177. Hence, if the policy in question does not express the legal contract of the parties, the terms of that contract should be stated as well as the circumstances in which the policy was issued and retained in order that the plaintiff's right to this relief might appear. Whether or not the policy in question complies with the statute in that it contains the provisions required to be contained and omits provisions required to be omitted, depends altogether upon facts which are not pleaded.

Counsel for the respondent rely strongly upon § 7461, Compiled Laws of 1913, which provides that in pleading performance of conditions precedent it shall not be necessary to state the facts showing such performance but it may be stated generally that the party had duly performed all conditions on his part. This statute obviously does not support the complaint in this case. It does not authorize the omission from a pleading of the substance of the contract relied upon for recovery. If the provisions of the contract were stated so that an allegation of the performance of conditions could be read in the light of the known terms of the contract, the statute would, of course, dispense with allegations of the details of performance. The pleading

in the instant case is bad, not because performance is insufficiently alleged but because the contract is insufficiently stated.

The order appealed from must be reversed. It is so ordered.

BURKE, Ch. J., and BURR, CHRISTIANSON, and NUESSLE, JJ., concur.